```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

GLENN SUMMERS                      *

          Plaintiff                *

     vs.                           *  CIVIL ACTION NO. MJG-17-866

NORTHROP GRUMMAN CORPORATION       *

          Defendant                *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER RE: CASE STATUS

The Court has before it Defendant's Motion To Enforce Stipulation [ECF No. 27], Plaintiff's Motion to Retain Title VII Rights [ECF No. 28], and the materials submitted relating thereto. Neither party has requested a hearing on the motion and the Court does not find that a hearing would be necessary.

On May 10,[1] counsel for Plaintiff and counsel for Defendant filed the Joint Stipulation To Stay Action Pending Arbitration [ECF No. 14], agreeing to stay all proceedings in court and to resolve all of Plaintiff's claims in arbitration. As stated therein:

> After discussion between counsel, the Parties have agreed to proceed with final, binding arbitration for all of Plaintiff's claims, including Plaintiff's Title VII race discrimination claim, pursuant to the applicable procedure outlined in Defendant's

---

1   All date references herein are to the year 2017.

> Employee Mediation/Binding Arbitration
> Program . . . .

Joint Stip. ¶ 8, ECF No. 14.

In response to the Joint Stipulation, on May 10, the date it was filed, Court Ordered [ECF No. 15]:

> that all proceedings in this matter shall be stayed pending the conclusion of the arbitration of Plaintiff's claims, including Plaintiff's Title VII claim.

On June 19, Plaintiff filed a Motion to proceed without counsel and Request for Court Appointed Attorney [ECF No. 16] asserting:

> my attorney talked me into agreeing to arbitration in hopes of a quick conclusion to the matter via settlement. However, the defendant chose not to negotiate a settlement. I am deeply in debt and cannot afford another attorney.

By Order [ECF No. 25] issued July 27, the Court denied Plaintiffs' request for appointed counsel. By Joint Status Report filed August 16 [ECF No. 26], the parties advised that Plaintiff denies being subject to the stipulation to proceed in arbitration regarding his Title VII claims. Thus, Defendant has filed the instant motion seeking to enforce the stipulation to proceed in arbitration. There has been no request for a hearing regarding the instant motion. Moreover, the Court finds the record clear regarding the facts pertinent to the instant motion and finds no need for further proceedings regarding the instant motion.

Plaintiff does not deny that his counsel of record in fact entered into the Stipulation To Stay Action Pending Arbitration with counsel for Defendant. Rather, he contends that he did not

authorize his attorney to agree to arbitration of the Title VII claims. He states in this regard:

> I wanted to contest the Defendant's motion in its entirety so that both my non-Title VII and Title VII rights would be litigated in court, which I paid for, but <u>my attorney talked me into agreeing to arbitration</u> since my attorney felt the court would uphold the Defendant's company policy for arbitration of non-Title VII claims. However, <u>I only agreed to arbitration of</u> the claims required to be arbitrated per the Defendant's company policy which were <u>the non-Title VII claims included in the Defendant's 4/14/17 motion to compel arbitration</u>. Accordingly, Plaintiff motions the court to retain Plaintiff's right to litigate my Title VII claim since I (Plaintiff) never agreed to arbitration of my Title VII claim, I promptly terminated my relationship with my attorney when I found out he agreed to arbitration of my Title VII claim, and I feel my attorney did not have the authority to agree to arbitration of my Title VII claim since my agreement with my attorney was for the sole purpose of pursuing litigation against the Defendant.

Pl.'s Mot. 1, ECF No. 28.

Plaintiff's attorney states in response:

> Plaintiff's contention that he did not provide our office with the authority to arbitrate his Title VII claim, <u>see</u> ECF Doc. No. 31, is not accurate.
>
> On April 27, 2017, in a lengthy telephone conversation (approximately thirty (30) minutes), our office spoke with Plaintiff about this case, including whether he should agree to arbitration of all claims, including his Title VII claim.

3

> Plaintiff ultimately agreed to stipulate to arbitration of all claims, including his Title VII claim.

Counsel's Response to Court Order [ECF No. 33].

Plaintiff replied [ECF No. 34] to counsel's response, denying any recollection of agreeing to arbitrate and denying that he did instruct his attorney to so stipulate.

The essence of the situation is that Plaintiff's counsel did in fact stipulate with Defendant's counsel to arbitrate all of Plaintiff's claims. There is no evidence of record or any suggestion by Plaintiff that counsel did so while understanding that the stipulation was contrary to Plaintiff's instructions. Even if Plaintiff's denial of authorization is taken to be true, there is no doubt that his counsel understood the communications from Plaintiff to constitute authorization of the stipulation entered into. Even if Plaintiff's counsel erroneously interpreted what Plaintiff said, that counsel entered the stipulation for Plaintiff when acting for Plaintiff within the scope of counsel's authority to represent him in the law suit and Plaintiff is bound by his counsel's action. See, e.g., Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 (4th Cir. 2010) ("As both the Supreme Court and our circuit have consistently recognized, a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.'" quoting Link v.

Wabash R. Co., 370 U.S. 626, 633 (1962)). There is no evidence nor any suggestion of a basis upon which Plaintiff is not bound vis-à-vis Defendant with regard to the stipulation.

Accordingly:

1. Defendant's Motion To Enforce Stipulation [ECF No. 27] is GRANTED.

2. Plaintiff's Motion to Retain Title VII Rights [ECF No. 28] is DENIED.

3. All proceedings in this matter are stayed pending the conclusion of the arbitration of Plaintiff's claims, including Plaintiff's Title VII claim.

4. The parties shall inform the Court when the arbitration has concluded. The Court shall retain jurisdiction until such time.

SO ORDERED, this Monday, November 20, 2017.

/s/
Marvin J. Garbis
United States District Judge